Judge Owsley
delivered the opinion.
On the 17th of February, 1818, Surlott gave to Pratt the following note: “By the first of August next I promise “to pay Elijah Pratt, or order, one hundred dollars, with interest, and a premium of eight per cent. Value received*, “Charleston, February 17, 1818.
“G. SURLOTT.”
To recover the amount of this note, Pratt brought his action of debt; and declared against Surlott in a plea of debt, that he render unto him one hundred dollars with interest and a premium of eight per cent., which he owes to, and from him unjustly detains, for that the said Surlott, on the 17lh of February, 1818, at Charleston, to wit, in the circuit of Lincoln, and state of Kentucky, by his certain note, signtd by him the said Surlott, and now to the court shewn, the date whereof is the same day and year aforesaid, promised to pay him the said Elijah Pratt or order, $100, by the first of August next eusuing the date thereof, with interest, and a premium of eight per cent., for value received. &c.; and alleged, for breach, the non payment of $100, interest and premium, &c.
To the declaration Surlott, after craving oyer of the note, demurred, and the demurrer being joined, judgment was rendered for Pratt.
Surlott then asked leave of the court to withdraw his demurrer and plead the statute of usury, but tendered no plea to the court, and no permission was given to plead, but final judgment was rendered in favor of Pratt for the one hundred dollars, with interest at the rate of six percent, per annum from the Is! of August, 1818, until paid, and a premium of eight dollars and costs.
From that judgment Surlott has appealed, and haá assigned for error,
1. The court erred in the judgment rendered on the demurrer.
2 The court erred in not giving leave to withdraw the demurrer and plead.
This court perceives no error in that court’s overruling the demurrer. The declaration claims nothing but that to which, from its allegations, the plaintiff is shewn to have an unquestionable right. It asserts claim, it is true, not only *175 to.the one hundred dollars, but, moreover, to Interest and a premium of eight per cent. But the circumstonce of the defendant having undertaken to pay interest and the premium, conduces not to shew that the undertaking was usurious. To be usurious, the interest and premium should have been reserved, or undertaken to be paid, its consider1 ation of the loan or forbearance of the one hundred dol1 lars^ but from the phraseology of the note, such an undertaking or reservation cannot be implied, — there may have been a good and valuable consideration as well for 'he 100 dollars, as for the premium and interest.
A note pro. raising to pay principal, interest and a premium, is not usurious, unless it appears that the premium was in consideration of a loan or forbearance, the pre-m um will be presumed to have been on a valid consideration,
-A declaration on a note shewn to have been given out of this country, and demanding ¡merest, should aver the rate of interest in the country wtiere it was given; aliter, on anote given here, a general law governs the in--erest, of which ihe court will ¡ take notice.
On overruling a demurrer to a declaration,demur-rant should not be permitted to withdraw it but on filing a valia plea.
Hardin for appellant.
Considered as a valid note for the $100, interest and premium, no reason is perceived against the mode pursued by the plaintiff to recover the amount. If the note were un derstood to have been given out of this country, there might be a necessity for the plaintiff to allege the rate of interest of the country where it was given. In that case, the amount to be recovered for interest wbuld be regulated by the laws of the country where the note was made; and as the court cannot judicially know the laws of other countries, a declaration demanding the interest ought regularly to allege the amount or rate of interest. But in this case, the declaration contains no suggestion from which it can be inferred that the note was given out of this state. The note bears date at Charleston; but Charleston is not averred to be out of this country; and this court cannot intend, contrary to the statements in the declaration, that it is not within the state. As a note made in the state, therefore, the rate of interest is fixed by law; and being certain in its amount, there can have beej) no legal impropriety in the plaiñliíf’s demanding it in his declaration, The demurrer was therefore properly overruled. And we entertain no doubt but the court decided correctly in refusing to per mil a withdrawal of the demurrer. After a decision against the defendant, he might, by presenting a valid plea, have obtained leave to withdraw his demurrer and file it; but Without having exhibited his plea, to enable the court to judge of its sufficiency, it cannot have been irregular to refuse him permission to withdraw his -demurrer.
The judgment must, be affirmed with costs and damages.